UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA HOWARD, | No. 2:17-cv-01101-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| MMK ENTERPRISES, LLC, dba KING'S AUTO OUTLET; and DOES 1 through 100, inclusive, | |
| Defendants. | |

Plaintiff, a former Nevada resident, bought a car from King's Auto Outlet, a Nevada corporation. A month later, while driving in California, the car allegedly malfunctioned and plaintiff crashed. Plaintiff now sues King's Outlet in the Eastern District of California, claiming King's Auto employees negligently failed to inspect or repair the car; failed to warn her about these known conditions; and negligently sold her the car anyway. First Am. Compl. ("FAC"), ECF No. 19, ¶ 6 (filed Jan. 12, 2018). On March 12, 2018, defendant moved to transfer this case to Nevada under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses, and based on an apparent lack of personal jurisdiction. Mot., ECF No. 24. Plaintiff filed a late opposition, which defendant moved to strike. Opp'n, ECF No. 25; Mot. Strike, ECF No. 28. Defendant did not file a reply.

1

As explained below, and after holding a hearing on April 20, 2018, the court STRIKES plaintiff's late opposition and GRANTS defendant's motion to transfer.

## I. LATE OPPOSITION

The local rules require that oppositions be filed fourteen days before hearing of a motion. E.D. Cal. L.R. 230(c). The hearing on defendant's motion to transfer was set for April 20, 2018, with plaintiff's opposition due by April 6, 2018. *See id.* Plaintiff waited until April 12, 2018 to file her opposition, a mere eight days before hearing. Plaintiff neither sought leave of court for the late filing nor offered any justification for the delay. At hearing, plaintiff's counsel explained the tardiness was due to a staff calendaring mistake.

Finding no justification for the delay, the court will not consider this late filing. Even if the court considered the opposition, however, it would not change the conclusion reached in this order. The only evidence attached to the opposition is a declaration from plaintiff's counsel stating his personal belief that certain witnesses reside in California; the declaration attaches no exhibits. *See* Schultz Decl., ECF No. 25 at 11-13. This bare declaration with no supporting evidence lacks foundation and is thus not sufficient to contradict the evidence filed by defendants. The court therefore GRANTS defendant's motion to strike plaintiff's late filing.

## II. MOTION TO TRANSFER

### A. Legal Standard

Whether to transfer a case under § 1404(a) depends on the convenience of the parties and witnesses and the interest of justice. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."). When deciding whether to transfer a case, courts consider where the contract at issue was executed and negotiated; which state's laws govern the contract; the plaintiff's choice of forum; where the relevant evidence and witnesses are; and the cost difference between litigating in the two forums. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (citations omitted).

The movant bears the burden to show the action should be transferred. *Commodity*, 611 F.2d at 279; *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.") (citation omitted). Courts should not grant a motion to transfer "freely" and instead should "presume" the case was filed in the proper forum. *Gherebi v. Bush*, 352 F.3d 1278, 1303 (9th Cir. 2003) (citation omitted), *vacated on other grounds*, 542 U.S. 952 (2004). Whether to transfer a case is left to the court's broad discretion and motions to transfer may be adjudicated "according to an 'individualized, case-by case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

B. <u>Discussion</u>

Here, defendant has met its burden to show the interest of justice warrants transferring this case to Nevada. First, as is required for a § 1404(a) transfer, this suit could have been initially brought in Nevada because defendant is a Nevada corporation with virtually no California contacts. *See* Miranda King Decl., ECF No. 24 at 10, ¶ 2 (declaration from King Auto's manager explaining defendant does not sell cars to California residents). Although plaintiff is now a California resident, defendant has filed evidence showing plaintiff was a Nevada resident when she bought the car at issue and when she crashed the car a month later. *See* Def.'s Ex. 2. at 1, ECF No. 24-2 (plaintiff's driver's license and collision report showing her Nevada address); Def.'s Ex. 3 at 2, ECF No. 24-3 (sales contract showing plaintiff's same Nevada address); Karen Baytosh Decl. ¶ 4 (defense counsel declaring plaintiff's driver's license address matches her address listed on sales contract); King Decl. ¶ 3 ("Plaintiff was a resident of Nevada when she negotiated and executed the Contract for Sale"). The record contains no contrary evidence.

The car sale contract at issue was negotiated and executed in Nevada and is governed by Nevada law. *See* King Decl. ¶ 3; Baytosh Decl. ¶¶ 3, 5. Witnesses and evidence critical to plaintiff's claims are also in Nevada. Specifically, plaintiff claims defendant did not properly inspect or repair the car before selling it to her, failed to warn her about the car's poor

condition and then negligently sold the car to her anyway.  FAC ¶ 6.  The critical witnesses therefore include King's Auto sales agents, mechanics and technicians, all of whom live and work in Nevada.  King Decl. ¶ 5.  Besides plaintiff, the court cannot conclude on the current record that other pertinent witnesses live in California.  Although potential damages witnesses and witnesses who saw plaintiff's crash might live here, there is no competent evidence before the court on that point.  All things considered, the cost of litigating this suit in California would exceed the cost of litigating the suit in Nevada.  *See Jones*, 211 F.3d at 498-99 (cost of litigating between forums is important factor in transfer decision).

        In sum, defendant has provided compelling evidence warranting a transfer to Nevada.  Although plaintiff's choice of forum is generally entitled to great weight, *Decker Coal*, 805 F.2d at 843, because plaintiff here bought the car from a Nevada corporation, in Nevada, under Nevada law, while she was a Nevada resident, her choice of forum does not control.

### III.    CONCLUSION

        Defendant's motion is GRANTED and this case is TRANSFERED to the District of Nevada.  The parties' settlement conference currently set for May 16, 2018 before Magistrate Judge Deborah Barnes, and the associated telephonic conference set for May 14, 2018, are hereby VACATED.  *See* ECF Nos. 23, 26.

        IT IS SO ORDERED.

        This order resolves ECF Nos. 24, 28.

DATE:  April 24, 2018.

_____
UNITED STATES DISTRICT JUDGE